J. Lawrence McCormley  (SBN 005005)
Lance R. Broberg  (SBN  024103)

**TB TIFFANY & BOSCO**
P.A.

THIRD FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 255-6000
FACSIMILE:  (602) 255-0103
EMAIL: jlm@tblaw.com / lrb@tblaw.com

*Attorneys for Benchmark Funding, Inc.*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>HUGO E. RIBADENEIRA,<br><br>Debtor(s). | Case No. 2:04-bk-08910<br><br>**Benchmark Funding, Inc.'s Objection To Motion To Convert Or Dismiss** |

Benchmark Funding, Inc. ("Benchmark"), a creditor in the above-captioned case and pursuant to this Court's Minute Entry dated January 24, 2012 [Docket No. 693], hereby objects to the Motion to Convert or Dismiss Case filed by the Trustee. Benchmark respectfully requests that said relief be denied.

Prefatorily, the Motion to Convert has been trailing along in this matter for years. To the best of undersigned counsel's recollection, no deadline for filing an objection has previously been included in minute entries setting continued status hearings.  Because such a deadline is included in the Minute Entry dated January 24, 2012, and in an abundance of caution, Benchmark hereby files an objection.

1. <u>Benchmark's Claim</u>: Benchmark's claim arose out of a loan made on October 12, 1999. Benchmark timely filed a proof of claim on July 5, 2005. [Claim 18-1][1] Debtor thereafter objected to Benchmark's claim leading to more than 5 years of litigation resulting in the Judgment in favor of Benchmark obtained in the adversary proceeding on December 13, 2011.

2. <u>The Examiner</u>: During this period (i.e. the period following Benchmark's filing its proof of claim and reducing its claim to judgment), James E. Cross, as court-appointed examiner, prepared a report concerning Debtor's conduct. That Examiner's Report, dated March 16, 2006 [Docket No. 287] confirmed that Debtor "failed to provide a complete and clear picture of the financial condition of this estate… at even the most rudimentary level." [Docket No. 287, at pages 14-15.] The Examiner also determined that "at least four of the 'badges of fraud' are present here." [Docket No. 287, at page 6.]

3. <u>The Plan</u>: Debtor's current Amended Plan was filed on December 21, 2006. [Docket No. 392] That Plan proposed that all creditors will be paid in full.

4. <u>The Motion to Convert or Dismiss</u>: The pending Motion to Convert or Dismiss was filed on March 19, 2008, and has been trailing the calendar ever since. That motion was premised upon the following arguments: (i) Debtor appears to have no assets with which to reorganize or is concealing such assets, (ii) Debtor has failed to confirm a plan, and (iii) Debtor has failed to pay allowed administrative expenses.

Benchmark understands that items 4(ii) and 4(iii) are likely resolved or resolvable. Specifically, Benchmark understands based on what has been represented at prior hearings that all creditors but Benchmark have been satisfied and otherwise paid consistent with the terms of the Amended Plan. Debtor represented at hearings following the entry of Judgment in the adversary proceeding that it will propose a payment plan to

---

[1] Actually, this filing is a revised proof of claim. Benchmark filed an earlier proof of claim in or around September 2004. [Claim 9-1]

2
Objection to Motion to Convert
498650/12836-001
Case 2:04-bk-08910-GBN    Doc 694    Filed 02/17/12    Entered 02/17/12 09:18:54    Desc
Main Document    Page 2 of 4

1 | Benchmark. Assuming that happens and Benchmark accepts the terms, then there is
2 | likely no obstacle to the Amended Plan.

3 | Benchmark is not aware of any pending allowed administrative expense that
4 | remain unpaid or that have not otherwise been addressed through some form of
5 | settlement. Candidly, a lot has happened since the Motion to Convert or Dismiss was
6 | filed nearly 4 years ago so Benchmark is not certain which issues might still remain.

7 | The issue raised in 4(i) is likely resolved based on the above. Stated differently, it
8 | appears that Debtor's lack of assets or concealment of assets is rendered moot if all
9 | creditors are paid.

10 | For the forgoing reasons, conversion or dismissal would not benefit the creditors.

11 | **WHEREFORE**, Benchmark Funding, Inc. respectfully requests that this Court
12 | deny the Motion to Convert or Dismiss.

13 | RESPECTFULLY SUBMITTED this 17th day of February, 2012.



By: /s/ Lance R. Broberg
J. Lawrence McCormley
Lance R. Broberg
Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
***Attorneys for Benchmark Funding, Inc.***

ORIGINAL filed electronically with the United Stated Bankruptcy Court, District of Arizona this 17th day of February, 2012, and a copy mailed the same day to:

Allan D. Newdelman
ALLAN D. NEWDELMAN, PC
80 East Columbus Avenue
Phoenix, AZ 85012
Attorney for Debtor

Michael Gerity
Robert N. Mann
ISRAEL & GERITY
3300 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Attorney for Debtor

Terrance D. Dunmire
7077 East Bell Road, Suite 210
Scottsdale, AZ 85254
Attorney for Debtor

Michael P. Lane
LANE & NACH, P.C.
2025 North Third Street, Suite 157
Phoenix, AZ 85004
Attorney for Trustee

By: /s/ *Rhonda Glazebrook*

Objection to Motion to Convert

4

498650/12836-001